IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| **DOROTHY ANN OILER,** ) | |
| ) | |
| **Movant,** ) | |
| ) | **Civil Action No. 5:12-0952** |
| v. ) | **(Criminal No. 5:06-0098-02)** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

On April 3, 2012, Movant, acting *pro se* and incarcerated at FPC Alderson, filed a letter which has been designated a Motion to Vacate, Set Aside or Correct her Sentence pursuant to 28 U.S.C. § 2255. (Document No. 330.)[1] By Standing Order filed on April 3, 2012, the District Court referred Movant's Motion to this United States Magistrate Judge for submission of proposed findings and recommendation for disposition. (Document No. 332.) Having examined the record and considered the applicable law, the undersigned finds that Movant is not entitled to Section 2255 relief and respectfully recommends that her Motion to Vacate, Set Aside or Correct her sentence pursuant to 28 U.S.C. § 2255 be denied.

**FACTUAL AND PROCEDURAL BACKGROUND**

On July 17, 2006, Movant pled guilty to Count One of an Indictment charging her with conspiracy to distribute a quantity of cocaine base in violation of 21 U.S.C. § 846. (Criminal Action No. 5:06-00098, Document Nos. 81 and 84.) Movant was sentenced on January 24, 2007. (Id.,

---

[1] Because Movant is acting *pro se*, the documents which she has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Document Nos. 150 and 164.) The District Court found that Movant's conduct involved 708.75 grams of cocaine base and determined that Movant had a Base Offense Level of 36, and a Total Offense Level of 35, the Court having imposed a two-level firearm enhancement and granted a three-level downward adjustment for acceptance of responsibility. (Id., Document No. 204, Transcript of Sentencing Hearing, p. 51.) The District Court ordered that Movant serve a 168-month term of incarceration to be followed by a three-year term of supervised release. (Id., pp. 53 - 54.) The District Court also imposed a $100 special assessment. (Id., p. 55.) Movant did not appeal her sentence to the Fourth Circuit Court of Appeals.

On April 15, 2008, Movant filed a Motion for Retroactive Application of Sentencing Guidelines regarding her Crack Cocaine Offense.[2] (Id., Document No. 222.) By Memorandum Opinion and Judgment Order entered on May 7, 2008, the District Court denied Movant's request for re-sentencing[3] and granted her request for a sentence reduction under 18 U.S.C. § 3582(c)(2). (Id., Document No. 230.) The District Court reduced Movant's Base Offense Level by two levels and sentenced her with a Total Offense Level of 33 to "a period of 135 months, with credit for time served to date." (Id..)

On August 14, 2008, Movant filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Oiler v. United States, Civil Action No. 5:08-

---

[2] On November 1, 2007, the United States Sentencing Guidelines were amended to reduce by two levels the guidelines in Section 2D1.1 for cocaine base. U.S.S.G., Appendix C, Amendment 706. Subsequently, the Sentencing Commission amended Section 1B1.10 to make the amendment retroactive, effective March 3, 2008.

[3] The District Court stated that "any argument that Defendant is entitled to a sentence below that provided for by the two level reduction is without merit, and Defendant's request for 're-sentencing' is DENIED." (Criminal Action No. 5:06-00098, Document No. 230, p. 2.)

0995, Document No. 248. By Proposed Findings and Recommendation filed on March 25, 2009, the undersigned proposed that Movant's Section 2255 Motion be denied as untimely. Id., Document No. 273. On April 21, 2009, the District Court adopted the undersigned's recommendation and dismissed the matter. Id., Document Nos. 277 and 278.

On November 4, 2009, Movant filed a Motion for Reduction of Sentence Based on Unwarranted Sentence Disparity Concerning Weight Equivalency of Crack to Powder. Movant contended that based upon a retroactive amendment to U.S.S.G. § 2D1.1 "to address disparity between crack and powder cocaine offenders", her sentence should be determined on the basis of Offense Level 24, Criminal History Category I to be in the range of 51 to 63 months in prison. (Document No. 293.)[4] By Order entered on December 14, 2011, the District Court required Respondent to file a response to Movant's Motion citing the November 1, 2010, amendment to U.S.S.G. § 2D1.1 pertaining to cocaine base which applied retroactively. (Document No. 312.) Respondent indicated that it had no objection to the reduction (Document No. 321.), and by Memorandum Opinion and Judgment Order filed on January 20, 2012, the District Court granted Movant's Motion and ordered that Movant's Base Offense Level be reduced by two levels and she be sentenced at the Total Offense Level of 31 to 108 months in prison (Document No. 329.).

By her April 3, 2012, letter which has been designated a Motion to Vacate, Set Aside or Correct her Sentence pursuant to 28 U.S.C. § 2255 (Document No. 330.), Movant urges that the District Court has made a mistake in sentencing her indicating, as she did in her November 4, 2009, Motion for Reduction of Sentence (Document No. 293.), that her sentence should be in the range

---

[4] Movant stated that"[a]fter appropriate adjustments are calculated the Defendant's offense level for purposes of resentencing is Level 24." Movant does not indicate what the "appropriate adjustments" are.

specified at Offense Level 24, Criminal History Category I of the United States Sentencing Guidelines (51 - 63 months), not Offense Level 31. Movant states that she does not understand the District Court's reduction of her sentence to 108 months in prison when she had requested more of a reduction. Movant further requests that the District Court reconsider its enhancement for her role in the offense and reduce its sentence accordingly. Finally, Movant indicates that she had no criminal record before the circumstances in this matter, her health is failing and she has family members who could use her help. On July 30, 2012, Movant filed a letter claiming that the District Court committed error in adding the two Offense Level firearm enhancement under U.S.S.G. § 2D1.1(b) to her sentencing calculation when the paragraph 6 immunity provision in her plea agreement stated that no evidence would be used against her in determining her Guideline sentencing range. Movant requests that the District Court resentence her without consideration for the firearm enhancement to time served. (Document No. 335.)[5] On August 13, 2012, Movant filed an Amendment to 2255 Filed April 3, 2012. Movant requests that the District Court consider in view of the Section 3553(a) factors her activities and the courses which she has taken while incarcerated to rehabilitate herself and prepare to continue productively in her community when released including "AA classes, Drug Education, Keyboarding, Stress Management, Money Management,

---

[5] The immunity provision of Movant's plea agreement states that "nothing contained in any statement or testimony provided by [Movant] pursuant to this agreement, or any evidence developed therefrom, will be used against [her], directly or indirectly, in any further criminal prosecutions or in determining the applicable guideline range under the Federal Sentencing Guidelines." Paragraph 75 of Movant's Presentence Investigation Report indicates that during a search of Movant's residence, officers found two firearms, drugs and ammunition. The search therefore yielded the circumstances which were the basis for the two Offense Level U.S.S.G. § 2D1.1(b) firearm enhancement of Movant's sentencing calculation, not "any statement or testimony provided by {Movant}." The immunity provision of Movant's plea agreement is therefore is inapplicable.

GED and was awarded Literary Student of the Year 2008 - 2009." (Document No. 336.)[6] Finally, Movant filed a letter on December 20, 2012, indicating that she had obtained her GED. (Document No. 337.)

### **DISCUSSION**

The relevant portion of Section 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In order to be cognizable under Section 2255, claims based on other than constitutional or jurisdictional grounds must present exceptional circumstances that justify permitting a collateral attack. Stated another way, the alleged error must amount to "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). Section 2255 is not a substitute for direct appeal. United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Accordingly, errors warranting a reversal on direct appeal will not necessarily support a collateral attack. Knight v. United States, 37 F.3d 769, 772 (1st Cir.1994). See United States v. Addonizio, 442 U.S. 178, 184, 99 S.Ct. 2235, 60 L.Ed.2d 805

---

[6] Movant mentions *Pepper v. United States*, ___ U.S. ___, 131 S.Ct. 1229, 1242, 179 L.Ed.2d 196 (2011)("evidence of postsentencing rehabilitation may be highly relevant to several of the § 3553(a) factors that Congress has expressly instructed district courts to consider at sentencing.") and *Burns v. United States* which she indicates is a Fourth Circuit case decided in July, 2012. Movant provides no further information respecting the latter case, and the undersigned could not find it. In *Pepper*, Mr. Pepper's sentence was set aside on appeal, and the matter was remanded for resentencing. These are not the circumstances in Movant's case as Movant is seeking relief under Section 2255 and not on remand for resentencing, and therefore *Pepper* is not applicable.

(1979). Failure to raise an issue presented in sentencing on direct appeal which is non-constitutional in nature amounts to a waiver of the right to contest the issue in Section 2255 proceedings. See United States v. Emanuel, 869 F.2d 795 (4th Cir. 1989).

With respect to issues which are constitutional in nature, absent a showing of good cause for and prejudice from failing to appeal as may be shown by a defendant in criminal proceedings, Section 2255 is no substitute, and the failure precludes Section 2255 review. Theodorou v. United States, 887 F.2d 1336, 1339-40 (7th Cir. 1989)("[A]bsent a showing of cause and prejudice, a defendant is barred from raising any constitutional challenge in a section 2255 proceeding which could have been raised on direct appeal."); United States v. Essig, 10 F.3d 968, 979 (3d Cir. 1993); See also United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994), cert. denied, 517 U.S. 1161, 116 S.Ct. 1555, 134 L.Ed.2d 657 (1996). The standard is conjunctive. As a general matter, therefore, movants must show good cause for and prejudice from their failure to raise any constitutional issues advanced under Section 2255 on direct appeal. See Theodorou, supra, 887 F.2d at 1340. Constitutional claims of ineffective assistance of counsel are the exception. They are more properly raised in Section 2255 proceedings and not on direct appeal. United States v. Richardson, 195 F.3d 192 (4th Cir. 1999), cert. denied, 528 U.S. 1096, 120 S. Ct. 837, 145 L.Ed.2d 704 (2000).

The undersigned finds in view of Movant's Section 2255 Motion filed in August, 2008, that Movant's Section 2255 Motion in this matter is successive under Section 2255. Under the Antiterrorism and Effective Death Penalty Act [AEDPA] Amendments to 28 U.S.C. § 2255 "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." To obtain certification from the Court of Appeals, the Movant must demonstrate that the Motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. "[B]efore a prisoner can pursue a qualifying 'second or successive' 2255 Petition, he must obtain authorization from the court of appeals." In re Goddard, 170 F.3d 435, 436 (4th Cir. 1999); See 28 U.S.C. § 2244(b)(3)(A). Movant has failed to allege or demonstrate that she has obtained the necessary authorization from the Fourth Circuit Court of Appeals for her successive Motion. A second or successive proceeding under Section 2255 may not be initiated without the certification/authorization of the appropriate Court of Appeals. Movant's Motion should be dismissed because Movant has proceeded under Section 2255 in the sentencing Court once before and has not obtained certification/authorization to file a second or successive Motion from the Fourth Circuit Court of Appeals.

## **PROPOSAL AND RECOMMENDATION**

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Movant relief under 28 U.S.C. § 2255 as she has been deemed to request in her letter filed on April 3, 2012 (Document No. 330.), and remove this matter from the Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, the parties shall have

seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Johnston, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant who is acting *pro se* and transmit a copy to counsel of record.

Date: July 24, 2013.

R. Clarke VanDervort
United States Magistrate Judge